UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDDIE ROBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-02729-TWP-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Freddie Robertson's ("Robertson") *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Dkt. 1). On the morning of his jury trial, Robertson pled guilty to drug crimes and was later sentenced to 15 years in prison. In his § 2255 Motion, Robertson raises various ineffective assistance of counsel claims and a freestanding Sixth Amendment claim regarding the Court's denial of new counsel of his choice. *Id*. at 6. For the reasons explained in this Entry, the motion for relief pursuant to § 2255 is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I.  THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.  FACTUAL BACKGROUND

On June 26, 2019, a federal grand jury returned a superseding indictment, charging Robertson with three counts of distributing 50 grams or more methamphetamine, after having a prior felony drug conviction, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A)(viii) (Counts 1-3). *United States v. Robertson,* 1:19-cr-85-TWP-DLP-1 (S.D. Ind. 2019) (hereinafter "Crim. Dkt."). Seven days later, the United States filed an Amended Information pursuant to 21 U.S.C. § 851, alleging that the Robertson had a prior serious felony drug conviction.  (Crim. Dkt. 45.)  The specific prior serious felony drug conviction was identified as Conspiracy to Possess with Intent to Distribute and/or Distribute 500 Grams or More of Cocaine in Case Number 1:09-cr-00180-LJM-TAB, in the Southern District of Indiana, U.S. District Court, for which Robertson served a term of imprisonment of more than 12 months. *Id.*

On July 29, 2019, the morning of trial, Robertson informed the Court that he wished to plead guilty without the benefit of a plea agreement. (Crim. Dkt. 61.) During the change of plea colloquy, the Court inquired and Robertson confirmed that he was satisfied with his counsel. (Crim. Dkt. 77 at 8.) After finding a factual basis and Robertson's plea voluntarily made, the Court accepted Robertson's guilty plea and adjudged him guilty as charged. *Id.* at 23-24.

Prior to sentencing, a presentence report ("PSR") was prepared.  (Crim. Dkt. 68.) Robertson's advisory guideline imprisonment range was 151 to 188 months. *Id.,* ¶ 72. The

statutory mandatory minimum term of imprisonment was 15 years and the maximum term was life on each count, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *Id.,* ¶ 71. Because the statutorily authorized sentences were greater than the minimum of the applicable guideline range, the guideline range becomes a term of 180 to 188 months' imprisonment pursuant to United States Sentencing Guidelines § 5G1.2(b). *Id.,* ¶ 72.

A combined sentencing and supervised release violations hearing was held on October 24, 2019. (Crim. Dkt. 71.) The Court began the hearing by addressing the allegation that Robertson had violated a condition of his supervised release. (Crim. Dkt. 79 at 5.) The Court noted that Robertson was convicted under Cause No. 1:09-cr-180-LJM-TAB on August 6, 2013, and was sentenced to 120 months in prison followed by 96 months of supervised release. *Id*. One of the conditions of Robertson's supervised release was that he should not commit another federal, state, or local crime. *Id.* However, Robertson was indicted in 2019 for distribution of 50 grams or more of methamphetamine in 1:19-cr-85-TWP-DLP-1. *Id.* Robertson admitted that he violated his supervised release. *Id.*

The Court sentenced Robertson to a term of 180 months (the statutory mandatory minimum sentence) on counts 1, 2 and 3, followed by a consecutive term of 12 months' imprisonment for the supervised release violation. (Crim. Dkt. 79 at 22.) The Court informed Robertson that it was the Court's intention to impose the mandatory minimum sentence, and a below guideline range sentence for the probation violation. *Id.* at 24-25, 28.

Robertson did not appeal. He filed this motion for post-conviction relief pursuant to § 2255 on October 20, 2020, asserting that he was denied effective assistance of counsel and denied counsel of his choice. The Government responded, and no reply was filed.

3

### III.  DISCUSSION

In support of his § 2255 motion, Robertson asserts three grounds for relief.  First, he alleges his attorney was ineffective because counsel failed to raise pertinent questions to establish a reasonable defense, failed to prepare for trial, failed to suppress key evidence, failed to question laboratory experts regarding testing and chain of custody, and failed to question the Government's witness.  (Dkt. 1 at 4.)  Next, he argues that the § 851 enhancement was improperly applied.  *Id*. at 5.  His final ground for relief is that the Court prevented him from being represented by counsel of his choice.  *Id.* at p. 6.

**A.  Ineffective Assistance of Counsel**

Robertson raises five challenges to counsel's performance: 1) counsel failed to raise pertinent questions to establish a reasonable defense, 2) failed to prepare for trial, 3) failed to suppress key evidence, 4) failed to question laboratory experts regarding testing and chain of custody, and 5) failed to question the Government's witness.  (Dkt. 1 at 4.)

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other.  *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel.  *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009).  The court must then consider whether in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  To satisfy the prejudice component, a petitioner must establish that "there is a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Robertson has not met his burden. Each of his claims are conclusory. For example, Robertson failed to disclose what pertinent questions his attorney failed to ask petitioner, laboratory experts, or the Government's witness. When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted); *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (per curiam); *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). Robertson has not provided this information.

Nor is there any evidence to support the claim that Robertson's attorney failed to prepare for trial. To the contrary, the change of plea hearing transcript reflects that Robertson testified that he discussed his defense with his attorney.

> THE COURT: And have you and Mr. Inman talked about ways in which you might defend yourself when you were making the decision whether you would go ahead and proceed with a jury trial, we've got that panel of 36 waiting for us downstairs, or if you were going to plead guilty? Did you all talk about the evidence?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the counsel, representation, and advice that's been given to you by Mr. Inman?
>
> THE DEFENDANT: Yes.

(Crim Dkt. 77 at 7-8.)

Finally, Robertson alleges that trial counsel failed to request a suppression hearing or file a motion to suppress key evidence in his case but, again, Robertson does not explain what evidence his attorney failed to suppress, or on what grounds such a motion could have been brought. (Dkt. 13 at 14-15.)

Based on this record, Robertson has not met his burden to show that his counsel performed deficiently. In addition, there is no basis to conclude that his counsel's performance prejudiced him. Importantly, Robertson does not suggest that "but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For example, Robertson does not claim that he would not have pled guilty or that he would have proceeded to trial. Nor does he dispute that he is guilty. He simply asserts that his attorney was ineffective for all of the above reasons but does not explain how he was prejudiced by these alleged errors. No relief is warranted on Robertson's ineffective assistance of counsel claims under these circumstances.

**B.     Sentencing Enhancement**

Next, Robertson claims that his § 851 sentencing enhancement was improperly applied because it fails to meet the criteria of a serious drug felony pursuant to Section 401 of the First Step Act. (Dkt. 1 at 5.) Robertson also asserts that under Indiana law, the most time that a defendant can receive for a Class C Felony conviction is 2-8 years of imprisonment.

**1.     First Step Act**

Title 21 of the United States Code, Section 841, sets out the penalties for violating federal drug laws. Relevant here, the statute provides for increased penalties if the defendant has one or more prior convictions for a "serious drug felony." 21 U.S.C. § 841(b)(1)(A). The First Step Act both revised the penalties and the convictions that qualified for the enhancement. The penalties are now a mandatory minimum fifteen years in the event of one qualifying conviction. *See United States v. Fitch*, No. 1:19-CR-30-HAB, 2022 WL 1165000, at *1 (N.D. Ind. Apr. 19, 2022).

Signed into law on December 21, 2018, Section 401(a)(2)(A)(i) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5220–21 (2018), (the "First Step Act"), changed the

definition of a predicate conviction for an enhanced sentence under 21 U.S.C. § 851 from a "prior conviction for a felony drug offense" to a "prior conviction for a serious drug felony." *United States v. Mainor*, 2019 WL 3425063, at *3 (S.D. Ill. Dec. 4, 2019); *see also* 132 Stat. at 5220. Now, a "prior conviction for a serious drug felony," is defined as an offense described in 18 U.S.C. § 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment ... within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57); *see* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)).

> At Robertson's change of plea hearing, the § 851 enhancement was discussed.
>
> MS. KLUMP: All right. Your Honor, because of the recent change in the First Step Act, there are some additional elements, so to speak, that need to be proven for the 851. That was the reason underlying the superseding indictment in this case. We were going to have a stipulation to these facts in the event the case had gone to trial.
> THE COURT: Okay. Why don't you read -- do you have it in front of you?
>
> MS. KLUMP: Yes, ma'am.
>
> THE COURT: Would you read the stipulation about the 851?
>
> MS. KLUMP: And while I grab that, Your Honor, the elements for the 851 facts are that the defendant had a final conviction for a serious drug felony. And for that serious drug felony, he was sentenced to and served a term of imprisonment of more than 12 months. And, finally, he was released from that term of imprisonment within 15 years of the commencement of the offenses charged in Counts 1, 2, and 3 of the superseding indictment.

(Crim Dkt. 77 at 19). Thereafter, the Court discussed that Robertson's conviction for a serious drug felony in Case No. 1:09-cr-180, was entered on or about August 12, 2013, and Robertson agreed that his term of imprisonment was more than 12 months and his release from this term of imprisonment on January of 2017, was within 15 years of the commencement of the offenses charged in Counts 1, 2, and 3. *Id*. at 20-21.

The Government argues that § 401 does not apply to Robertson because § 401 does not apply retroactively. (Dkt. 13 at 21.) *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019). This argument is rejected, however, because Robertson was sentenced in October 2019, well after the First Step Act was passed. Instead, the Court determines that Robertson is not entitled to relief because the prior felony charged in the § 851 information (a violation of 21 U.S.C. §§ 841(a)(1) and 846) qualifies as a serious drug felony. The prior drug felony is an offense under the Controlled Substances Act (21 U.S.C. 801 *et seq*.), for which Robertson was sentenced to a term of 10 years in prison on August 12, 2013. *United States v. Robertson,* 1:09-cr-180-TWP-TAB (2013) (Dkt. 76). This conviction was within 15 years of the instant offense.

Accordingly, no relief is warranted based on the claim that Robertson's sentence was improperly enhanced under § 841. Section 401 of the First Step Act does not provide him with any relief.

### 2. **Indiana Law**

Nor is Robertson entitled to any relief under Indiana Law. The sentencing enhancement was not based upon an Indiana State Court conviction or Indiana law. The Amended Information charging Robertson with a prior serious drug felony offense is based upon Robertson's federal conviction in the United States District Court in the Southern District of Indiana, Cause No. 1:09-cr-00180-LJM-TAB for distributing 500 grams or more of cocaine. (Crim. Dkt. 45.)

No relief is warranted on this basis.

### C. **Counsel of His Choice**

Lastly, Robertson alleges that his Sixth Amendment Rights were violated when he was denied the right to new counsel of his choice. (Dkt. 1 at 6.) However, the Sixth Amendment right

to counsel of choice "does not extend to defendants who require counsel to be appointed for them." *United States v. Wallace*, 753 F.3d 671, 676 (7th Cir. 2014) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006)).  "'[I]f a defendant is [] afforded adequate representation, an erroneous denial of a motion for substitution is not prejudicial and is therefore harmless.'" *Wallace,* 753 F.3d at 675 (quoting *United States v. Harris*, 394 F.3d 543, 552 (7th Cir. 2005)). Because Robertson required the appointment of counsel, he was not entitled to counsel of his choice.  No relief is warranted on this basis.

### IV.  CONCLUSION

For the reasons explained in this Entry, Robertson is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and he was properly sentenced. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is **DISMISSED with prejudice**.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in Case No. 1:19-cr-00085-TWP-DLP-1**.  The motion to vacate (Crim. Dkt. 76) shall also be **terminated** in the underlying criminal action.

### V.  DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Robertson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

    **SO ORDERED.**

Date: 6/2/2022

                                                    Hon. Tanya Walton Pratt, Chief Judge
                                                  United States District Court
                                                  Southern District of Indiana

DISTRIBUTION:

Freddie Robertson, #09311-028
FORREST CITY LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 9000
Forrest City, Arkansas  72336

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov